UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSIE KING,

     Plaintiff,

  v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for Operations,

     Defendant.

Case No. C17-1856 RSM

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting his testimony and a medical opinion, and erred in determining his severe impairments. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 38 years old, has at least a high school education, and has worked as a nurse assistant. Administrative Record (AR) 23-24. In November 2012, plaintiff applied for benefits, alleging disability as of November 2009. AR 98. Plaintiff's applications were denied initially and on reconsideration. AR 96, 97, 118, 119. After the ALJ took testimony at a hearing

in October 2016, the ALJ issued a decision finding plaintiff not disabled. AR 51, 13-25.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the November 2009 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: affective disorder and cannabis dependence.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels. He is capable of unskilled simple, routine tasks and well-learned complex tasks. He should have no contact with the general public for work tasks, but incidental contact with the public is not precluded. He can have occasional contact with coworkers for work tasks, averaging no more than 10 minutes each. Primary work tasks should not require collaborative efforts routinely; duties should generally deal with things/objects rather than people. He may be off task about 10% over the course of an 8-hour workday.

**Step four:** Plaintiff cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

AR 15-25. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.[3]

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the Commissioner's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

**A.     Severe Impairments**

Plaintiff argues the ALJ erred by failing to include post-traumatic stress disorder (PTSD) as one of his severe impairments. Dkt. 13 at 11-13. An ALJ's failure to properly consider an impairment at step two may be harmless where the ALJ considered the functional limitations caused by that impairment later in the decision. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (emphasis in original).

Here, the ALJ clearly stated that he considered all of plaintiff's mental impairments, regardless of which diagnosis was associated with them. AR 15 ("I consider the totality of his

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 3

mental limitations"). Listing PTSD as a severe impairment "would not change [the ALJ's] findings under steps 3 to 5 of the sequential evaluation process." AR 16. Plaintiff has not shown any functional limitations caused by PTSD that the ALJ failed to incorporate into his decision. Thus the Court concludes that any error in listing PTSD as a severe impairment was harmless. *Lewis*, 498 F.3d at 911.

**B.     Examining Provider Rebekah A. Cline, Psy.D.**

An examining physician's opinion is generally entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of an examining doctor by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

Dr. Cline examined plaintiff in April 2015 and diagnosed him with bipolar disorder, chronic PTSD, and mild cannabis use disorder. AR 631. She opined that he would have marked, or very significant, limitations in handling detailed instructions, maintaining punctual attendance, communicating and performing effectively in a work setting, completing a normal work day and work week without interruptions from psychologically based symptoms, and maintaining appropriate behavior in a work setting. AR 631-32.

The ALJ gave "little weight" to Dr. Cline's opinions. AR 22. The ALJ wrote that Dr. Cline "evidently did not read any treatment notes because she failed to address the underlying problem that led to the March 2015 hospitalization (i.e. lack of medication)." AR 22.

Substantial evidence supports the ALJ's findings that lack of medication led to the March 2015 hospitalization, and that medication effectively treated plaintiff's impairments. *See* AR 709 (plaintiff hospitalized after he had "been off of medications because" they were stolen); AR 710 (plaintiff "started to make some improvements" as doctors "titrated [his medications] up"). Dr. Cline's lack of awareness of this important information was a specific and legitimate reason to discount her opinions. Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of social security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Dr. Cline's opinions suggest that she was not aware that medication effectively controlled plaintiff's impairments. She specifically attributed plaintiff's unemployability to his psychotic symptoms. *See* AR 632 ("He has a history of severe psychotic breaks, and anger dyscontrol which will make long term stable employment problematic."). After the March 2015 hospitalization, plaintiff's psychotic symptoms remained under control with medication, according to treatment notes months later. *See* AR 712 (August 2015, "his psychotic symptoms have resolved"), 637 (normal psychiatric findings in July 2016). Plaintiff himself reported that medication was effective, to Dr. Cline and to treatment providers. AR 630 ("medications are helpful"); *see* AR 581 (March 2010, plaintiff "feels relatively well managed on these meds"), 508 (April 2013, medications are "helpful"). The ALJ did not err by discounting Dr. Cline's opinions based on evidence that medication effectively controlled plaintiff's impairments.

Other reasons the ALJ provided were erroneous. First, Dr. Cline's opinion that plaintiff's current impairments were not "primarily the result of alcohol or drug use" and would "persist following 60 days of sobriety" were not contradicted by her opinion that "cessation of cannabis use might help decrease some of the depressive symptoms." AR 632. In other words, plaintiff

might find some relief from symptoms by quitting marijuana, but his ability to work would remain impaired.

Second, the presence of a typographical error in reporting what plaintiff told her is not a specific and legitimate reason to discount her opinions. Plaintiff was hospitalized from March 22 to April 1, 2015. AR 709. Dr. Cline wrote in her April 24, 2015, evaluation that plaintiff "reports that his most recent manic episode was in March of this year and thinks that it lasted three or four months." AR 629. Most likely, she meant "weeks" instead of "months," given that two sentences later she wrote that plaintiff "notes that these mood states last about a month at a time…." AR 629.

Third, plaintiff did not report that he maintained a regular routine. *See* AR 22. Plaintiff described "a typical day" as follows: "Usually I sleep in til around noon or 1, it takes me two or three hours for the catatonia to subside and I drink lots of coffee. [Then] I take the bus down to Seattle, play fiddle for a couple hours, hang out with friends for a couple hours and then I catch the bus back home, that's a typical day." AR 630. Plaintiff clearly did not keep to a schedule, since each activity varied in duration by an hour or more. This report did not contradict Dr. Cline's opined "limitation with schedules/attendance and communication/effective performance…." AR 22. Similarly, plaintiff's ability to sit through an evaluation, answering questions about himself, did not contradict Dr. Cline's opined limitation on completing a normal workday performing work-related tasks. AR 22. There is no evidence that the evaluation lasted anywhere close to eight hours, and it was one-time rather than daily. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1037 (9th Cir. 2007) (claimant must be able to not just obtain but *maintain* employment to be found not disabled).

Last, substantial evidence does not support the ALJ's finding that Dr. Cline's clinical

findings were "normal" and thus she must have based her opined limitations on plaintiff's self-reported history. AR 22. Dr. Cline observed abnormalities in speech, mood, affect, thought process and content, and perception. AR 633.

Regardless, because the ALJ provided the specific and legitimate reason that medication effectively treated plaintiff's impairments, inclusion of improper reasons was harmless error. *See Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012) (error harmless if "inconsequential to the ultimate disability determination"); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (because valid reasons to discount claimant's testimony remain, inclusion of erroneous reasons was harmless). The Court concludes the ALJ did not err by discounting Dr. Cline's opinions.

**C.    Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Plaintiff testified that when he is in a depressed phase, he is "completely paralyzed" and sleeps up to 18 hours a day. AR 68, 71. About once every three days he has enough energy to exercise. AR 73. In one depressive episode he was suicidal and was hospitalized for a week. AR 69. He has also been hospitalized for a manic episode. AR 70. When he is in a manic phase, he can "go psychotic [and] have hallucinations and delusions, as well as anger and rage problems." AR 69.

The ALJ discounted plaintiff's testimony based on his activities, effective treatment with

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7

medication, and largely normal clinical findings while medicated and absent situational stressors. AR 18-21. The ALJ also cited plaintiff's continued use of marijuana against his providers' advice. AR 20.

### 1. Effectively Treated Impairments

Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of Social Security benefits. *Warre*, 439 F.3d at 1006. The ALJ concluded that plaintiff's March 2015 hospitalization was due to stopping his medications. AR 20. Plaintiff argues that this is mere speculation, unsupported by the record. Dkt. 13 at 15. On the contrary, plaintiff's providers noted "be[ing] off of medications" as a precipitating factor and documented his improvement as they "titrated [his medications] up" over the course of his hospitalization. AR 710. The ALJ's finding that the March 2015 hospitalization was attributable to stopping medication was supported by substantial evidence. *See Magallanes*, 881 F.2d at 750 (substantial evidence is "more than a mere scintilla"). This finding in turn helps support the ALJ's conclusion that plaintiff's impairments were effectively controlled by medication.

The ALJ found that plaintiff's August 2015 hospitalization was due to situational stressors rather than to his mental impairments alone. AR 20. Plaintiff argues that such stressors are likely to recur and that his inability to cope is consistent with being disabled. Dkt. 13 at 15. Nevertheless, Social Security disability determinations are based on medically determinable impairments, not situational stressors. *See* 20 C.F.R. § 404.1505 (disability is inability to work "by reason of any medically determinable physical or mental impairment"). Plaintiff concedes that his hospitalizations "occurred when he was subjected to stress." Dkt. 13 at 15. The ALJ's finding that the August 2015 hospitalization was attributable to situational stressors is supported by substantial evidence and, in turn, further supports the ALJ's conclusion that plaintiff's

impairments were effectively controlled by medication.

The ALJ's conclusion is further supported by plaintiff's largely normal clinical findings, other than the times he was hospitalized. *See*, *e.g.*, AR 546, 554, 558. Plaintiff argues that the ALJ selectively cited normal findings. Dkt. 13 at 16-17. But even the abnormal results plaintiff cites are relatively mild and accompanied by primarily normal findings. *See* AR 509 (unkempt; slow speech; flat tone), 600 (restricted affect, poor eye contact), 703 (depressed mood). The ALJ noted entirely or largely normal findings in a wide range of treatment notes, covering much of the time period at issue. *See* AR 20. In plaintiff's most recent records, from October 2015 to July 2016, plaintiff's psychiatric findings were entirely normal except for, on one occasion, anhedonia. AR 650, 646, 640, 637. Plaintiff has not shown that the ALJ cherry-picked the record. *See Garrison*, 759 F.3d at 1018 ("While ALJs obviously must rely on examples…, the data points they choose must *in fact* constitute examples of a broader development").

The record provides substantial evidence to support the ALJ's conclusion that plaintiff's impairments were controlled with medication and thus were not disabling for Social Security purposes. This undermines plaintiff's allegations that his impairments are disabling, and is thus a clear and convincing reason to discount his testimony.

### 2. Other Reasons were Improper

Plaintiff reported that he quit using marijuana by August 2015. AR 61, 712. The ALJ stated that plaintiff's "marijuana abuse has been problematic" but failed to clearly explain how it justifies discounting his testimony. AR 20. The ALJ found that "since abstaining from it…, he has not had manic episodes" yet "question[ed] whether he has abstained …." AR 20. While it is the ALJ's role to judge credibility and resolve conflicting evidence, it is impossible for the Court to affirm two wholly contradictory conclusions. Regardless, because the ALJ provided the clear

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9

1  and convincing reason that plaintiff's impairments were controlled by treatment, inclusion of

2  erroneous reasons was harmless error. *See Carmickle*, 533 F.3d at 1163 (because remaining

3  valid reasons went to the heart of claimant's "ability to perform vocational functions," inclusion

4  of erroneous reasons was harmless).

5        Plaintiff's activities were also an improper basis to discount his testimony. An ALJ may

6  discount a claimant's testimony based on daily activities that either contradict her testimony or

7  that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

8  2007). The ALJ discounted plaintiff's testimony on both grounds. AR 18 ("there is a disconnect

9  between the claimant's activities and his allegations"), 19 ("His activities … are illustrative of

10 work tasks that he could perform in spite of his impairments."). Plaintiff reported that his

11 impairments affect his "ability to socialize" and described himself as a "loner." AR 319, 324.

12 These fairly mild allegations are not contradicted by his ability to be outside, go to a store, or

13 ride on a bus. *See* AR 19. The ability to attend to basic self-care also does not contradict his

14 allegations. *See* AR 18-19. Nor do these activities meet the threshold for transferable work

15 skills, because plaintiff did not spend "a substantial part of his day" performing physical

16 functions or activities involving "skills that could be transferred to the workplace…." *Orn*, 495

17 F.3d at 639 (internal citations omitted).

18       However, because the ALJ provided at least one clear and convincing reason to discount

19 plaintiff's testimony, inclusion of improper reasons was harmless error. *See Carmickle*, 533 F.3d

20 at 1163.

21 //

22 //

23 //

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 10

# CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 1st day of February 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE